# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CRIMINAL DOCKET NO.: 5:05CR9-V
## 4th Cir COA #: 09-6625

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **RICKY BERNARD ECKLES,** ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court following a limited remand from the Fourth Circuit Court of Appeals in response to Defendant's *pro se* "Notice Of Appeal," filed April 3, 2009. (Document #1204) This matter was remanded for the limited purpose of considering whether good cause or excusable neglect exist such that the Fourth Circuit Court of Appeals may consider Defendant's otherwise untimely appeal.[1]

On February 27, 2009, the Court issued an Order denying relief pursuant to 18 U.S.C. §3582. As a registered user of the Court's electronic case filing system ("CM/ECF"), defense counsel would have received a notice of electronic filing immediately following issuance of the Order. However, the Court has no way of determining with any certainty the date Defendant was actually notified of the Court's ruling. Ordinarily, Defendant would receive a copy of the Court's Order via U.S. Mail, subject to the Bureau of Prisons's procedure for distribution of mail to prisoners in addition to whatever means counsel elected to use to communicate with Defendant. As the appellate panel noted, Defendant Eckles' notice of appeal was postmarked March 24, 2009, after the ten-day appeal period prescribed by F<small>ED</small>. R. A<small>PP</small>. P. 4(b)(1)(A) expired.

---

[1] The Fourth Circuit explained: "Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to determine ***whether Eckles has shown*** excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as supplemented, will then be returned to this court for further consideration." In light of the factors mentioned herein, there is no need to delay Defendant's direct appeal by requesting that Eckles explain why his filing was untimely.

1

Pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, "[u]pon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal <u>for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)</u>." Fed. R. App. P. 4(b)(4) (2009) (*emphasis added*). However, the Court may not otherwise extend the time for filing a notice of appeal. *See* <u>United States v. Reyes</u>, 759 F.2d 351, 353 (4th Cir. 1985); <u>United States v. Schuchardt</u>, 685 F.2d 901, 902 (4th Cir. 1982).

Here, although counsel was appointed to consider eligibility for relief under Amendment 706 and 18 U.S.C. §3582, the fact that Defendant was housed out-of-district throughout weighs in favor of finding Defendant's filing timely.[2] In other words, assuming some communication occurred between Defendant and court-appointed counsel regarding Defendant's desire to appeal, it's likely to have been via correspondence as opposed to a personal exchange with opportunity for Defendant to ask questions.[3] Moreover, the substantive legal issues and attendant advice are susceptible to misinterpretation. For these reasons, the Court finds good cause exists to allow Defendant's appeal to proceed.

**IT IS, THEREFORE, ORDERED** that Defendant's *pro se* Notice of Appeal is deemed timely; and

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of the instant Order to the Fourth Circuit Court of Appeals.

Signed: July 13, 2009

Richard L. Voorhees
United States District Judge

---

[2] According to the Federal Bureau of Prisons' website, Defendant is housed at FCI Williamsburg, located in Williamsburg County, Salters, South Carolina.

[3] On March 24, 2009, the Court authorized payment to court-appointed counsel. (Document #1182) The voucher submitted does not establish whether or not counsel discussed the possibility of appeal with Defendant.