**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-77-RLV
(5:05-cr-09-RLV-1)**

| | |
|---|---|
| RICKY BERNARD ECKLES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). No response is necessary from Respondent. For the reasons that follow, Petitioner's Section 2255 Petition will be denied and dismissed.

### I. BACKGROUND

On July 25, 2005, Petitioner was charged in a Second Superseding Bill of Indictment with conspiracy to possess with intent to distribute more than 50 grams of cocaine base, more than 5 kilograms of cocaine, and more than 1,000 kilograms of marijuana in violation of 21 U.S.C. § 846. (5:05-cr-09, Doc. No. 265). Petitioner was also charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On February 23, 2006, Petitioner pled guilty to the charges. (Id., Doc. No. 481).

On September 10, 2007, the Court sentenced Petitioner to 140 months imprisonment on the conspiracy to possess with intent to distribute charge and to 120 months imprisonment on the firearm possession charge, to be served concurrently. (Id., Doc. No. 882: Judgment in a Criminal Case, at 1-2). On February 27, 2009, the Court denied Petitioner's motion for a

reduction of sentence pursuant to 18 U.S.C. § 3582. (Id., Doc. No. 1155). Petitioner appealed and on June 25, 2009, the Fourth Circuit Court of Appeals remanded for the limited purpose of determining whether Petitioner could show excusable neglect or good cause for not filing a timely appeal. See United States v. Eckles, 328 F. App'x 255 (4th Cir. 2009). On July 14, 2009, this Court entered an Order finding that Petitioner had demonstrated good cause and the appeal was therefore timely. (5:05-cr-09, Doc. No. 1238). On November 12, 2009, the Fourth Circuit Court of Appeals affirmed this Court's denial of Petitioner's motion for reduction of sentence. See United States v. Eckles, 350 F. App'x 811 (4th Cir. 2009). Petitioner filed the instant Section 2255 Motion on June 5, 2012.[1] (5:12cv77, Doc. No. 1).

## II. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] The motion was file-stamped in this Court on June 13, 2012, but it is dated June 5, 2011, and Petitioner has submitted a statement that he placed the motion in a mailbox provided for inmates on June 5. Under the prison mailbox rule, a petitioner's Section 2255 motion is deemed filed on the date that the motion was deposited in the prison's mailing system. See Rule 3(d) of the Rules Governing Section 2255 Proceedings.

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner pled guilty on February 23, 2006, he was sentenced on September 25, 2007, and he did not appeal his original sentence. His conviction, therefore, became final more than one year before he filed the pending Section 2255 motion. Therefore, Petitioner's Section 2255 motion is untimely.

Petitioner contends, however, that the instant motion is timely because it was filed within one year of the date the United States Supreme Court filed its decision in Depierre v. United States, 131 S.Ct. 2225 (2011), on June 9, 2011. See 28 U.S.C. § 2255(f)(3) (providing a one-year statute of limitation to file a Section 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."). Petitioner's argument is without merit, as there is no indication that the Supreme Court has made DePierre retroactive to cases on collateral review. See United States v. Crump, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012); United States v. Drew, 2012 WL 2069657, at *2 (N.D. W. Va. June 8, 2012).

Furthermore, to the extent that Petitioner contends that DePierre somehow altered the burden of proof that the government has in proving distribution of cocaine base, he is incorrect. DePierre established that "cocaine base" as used in 21 U.S.C. § 841(b)(1)

3

means not only crack cocaine, but all cocaine in its chemically basic form. DePierre, 131 S.Ct. at 2231-32. While defining the term "cocaine base," DePierre does not address or specify the type of proof the government must use to prove distribution of cocaine base. Id.; McCullers v. United States, 2012 WL 1942068 (E.D. Va. May 29, 2012). Thus, to the extent that Petitioner is challenging the sufficiency of the evidence upon which his conviction is based, such a challenge is not cognizable on a Section 2255 motion. Dockery v. United States, 237 F.2d 518, 519 (4th Cir. 1956) (per curiam).

In sum, Petitioner's Section 2255 motion will be dismissed as untimely.[2]

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion (Doc. No. 1) be **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that

---

[2] Normally, in the face of an untimely Section 2255 motion, the Court would give the petitioner an opportunity to address the timeliness of the motion pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). Here, however, Petitioner seeks relief in his Section 2255 Motion solely based on DePierre. Even if the petition were timely, however, Petitioner would have no relief under DePierre. Therefore, giving Petitioner the opportunity to address the timeliness of the petition would be an exercise in futility.

the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 9, 2012

Richard L. Voorhees
United States District Judge